UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80287-CIV-HURLEY/HOPKINS

KENNETH WELT, as trustee
in bankruptcy for
Suncoast Pharmacy, Inc.

    Plaintiff,

vs.

AMERISOURCEBERGEN
DRUG CORP.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the court upon defendant's motion for summary judgment [DE # 24]. For the reasons expressed below, the court will grant the motion in part and deny it in part.

### BACKGROUND

This action for declaratory judgment and accounting on an alleged breach of contract was originally brought by Suncoast Pharmacy, Inc. ("Suncoast"), a Florida corporation that operated retail pharmacies in Boca Raton and Boynton Beach. Suncoast later filed bankruptcy, and Kenneth Welt, bankruptcy trustee for Suncoast, was substituted as plaintiff. From 1995 to 2006, Suncoast purchased the prescription and over-the-counter medicines it resold to its own customers primarily from Bergen Brunswig Drug Company, and from defendant Amerisourcebergen Drug Corporation ("Amerisource"), the successor in interest to Bergen Brunswig. Pl.'s Compl. ¶ 4. The facts described below are viewed in the light most favorable to the non-movant. *See Fennell v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir. 2009).

The complaint alleges that Suncoast and Amerisource (or, originally, Bergen Brunswig) had entered into discount arrangements under which Suncoast was to receive rebates and credits toward the price of the merchandise it purchased wholesale. *Id.* ¶ 5. The formulas for calculating the rebates and credits allegedly agreed upon are not included with the complaint, and are not there described in detail. In summary, Suncoast charges that its agreement with Bergen Brunswig/Amerisource called for Suncoast to receive discounts on prescription medicine, "Good Neighbor Plus" products, (these were Amerisource's own brand of pharmacy products) and generic drugs. Suncoast alleges that Amerisource did not credit it with the rebates owed to Suncoast under the agreement, and that Amerisource therefore owes Suncoast over $450,000. *See id.* ¶ 10.

Suncoast filed suit in the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County, Florida on January 22, 2008. *See* DE # 1. The complaint seeks a declaratory judgment that Amerisource has breached its agreement with Suncoast as well as an accounting. After being served on February 21, 2008, Amerisource removed to this court on March 19, 2008. *See id.* Amerisource then filed the instant motion for summary judgment on March 2, 2009.

## JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

Venue is proper in this court pursuant to 28 U.S.C. § 1441(a), because the case was removed from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, which is located within the Southern District of Florida.

## DISCUSSION

### A.     *Standard on Motion for Summary Judgment*

Summary judgment is warranted if the pleadings, depositions, answers to interrogatories and

admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In determining whether summary judgment is appropriate, the facts and inferences from the record are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsuhita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of his claims, such that a reasonable jury could return a verdict in his favor. *See Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002). In response to a properly supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient; there must be evidence on the basis of which a jury could reasonably find for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A complete failure of proof concerning an essential element of the non-movant's case necessarily renders all other facts immaterial and entitles the moving party to summary judgment. *See Celotex*, 477 U.S. at 323; *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998).

> B.  ***Defendant's Motion for Summary Judgment***

Amerisource makes four argument in its motion for summary judgment, each of which is

considered in turn below.

### 1. *Judicial Estoppel*

Amerisource first argues that Suncoast's claims are barred by the doctrine of judicial estoppel because when Suncoast filed for bankruptcy in December 2008, it did not list the claims as assets in its bankruptcy schedules. Suncoast responds that, although Amerisource is correct that the bankruptcy schedules originally failed to list its claims, the omission was inadvertent and has in any event been cured by the filing of corrected schedules.

Judicial estoppel is an equitable doctrine prohibiting a party from successfully invoking an argument in one legal proceeding or phase thereof, and then relying on a contradictory argument to prevail in another phase. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). The purpose of the doctrine is to protect the integrity of the judicial process. *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006); *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1335 (11th Cir. 2005). A district court must consider two factors in determining whether a claim is judicially estopped: 1) whether the allegedly inconsistent position asserted earlier was made under oath in a prior proceeding; and 2) whether the inconsistencies were calculated to make a mockery of the judicial system. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1271 (11th Cir. 2004).

The Eleventh Circuit Court of Appeals first applied judicial estoppel to a claim not listed in a bankruptcy debtor's schedule of assets in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002).[1] In *Burnes*, a bankruptcy debtor sought to convert his Chapter 13 petition to a

---

[1] Other Courts of Appeals had previously arrived at similar holdings. *See Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570, 571 (1st Cir. 1993); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 418-19 (3d Cir. 1988).

Chapter 7 case. As part of the conversion, he was required to file updated schedules of assets with the bankruptcy trustee. Although the bankruptcy schedules specifically required the debtor to list all lawsuits to which he was a party, the debtor failed to report that since filing his original Chapter 13 petition, he had filed an employment discrimination suit against his former employer. *Id.* at 1284.

In the employment discrimination suit, the district court granted summary judgment in favor of the employer on the ground that, having failed to list the claim as required on the bankruptcy schedule, the debtor/employee was judicially estopped from asserting it. The Eleventh Circuit affirmed. The court noted that a bankruptcy debtor is required to disclose all assets and potential assets to the bankruptcy court, and that "[f]ull and honest disclosure in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system." *Id.* at 1286 (citing *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996)). The court also concluded that the record contained sufficient evidence to support the district court's factual finding that the debtor had misled the bankruptcy court intentionally, and that the omission of the lawsuit from the updated schedule was not inadvertent. Thus the court affirmed the district court's grant of summary judgment in favor of the employer on the debtor/employee's claim for monetary damages. *Id.* at 1289.

The Eleventh Circuit returned to the issue in *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003). Like *Burnes*, *Barger* involved a bankruptcy debtor who had failed to disclose an employment discrimination claim on her bankruptcy schedules. Even though it was undisputed that the debtor/plaintiff in *Barger* had notified the attorney handling her bankruptcy petition of her employment discrimination claim, and even though she had personally informed the bankruptcy trustee of the claim, the Court of Appeals found *Burnes* controlling and held the monetary damages portion of the claim judicially estopped. *Id.* at 1297. The court reasoned that it was fair to hold the

5

debtor/plaintiff responsible for the acts of her attorney as her freely-chosen agent, and that because she had described her claim to the trustee as merely seeking reinstatement in her former position (omitting that she was also seeking liquidated, compensatory and punitive damages), she had herself affirmatively misled the trustee. *Id.* at 1295-96.

Because schedules of assets are submitted to the bankruptcy court under oath, and because it is undisputed that Suncoast's schedule did not include the claim asserted in this lawsuit, the first prong of the judicial estoppel test is satisfied. However, Amerisource must also show that Suncoast intentionally deceived the bankruptcy court. *Barger*, 348 F.3d at 1296; *Burnes*, 291 F.3d at 1287. The court may not grant summary judgment for Amerisource on a judicial estoppel theory if there is a genuine issue of material fact as to Suncoast's intent in failing to disclose the claim to the bankruptcy court. *See Strauss v. Rent-A-Center, Inc.*, 192 Fed. App'x 821, 822 (11th Cir. 2006) (reversing district court's grant of summary judgment because of insufficient evidence that "the debtor intentionally misled the bankruptcy court as to the existence and then character of her . . . lawsuit").

Although the Eleventh Circuit has permitted district courts to infer an intent to deceive based on the debtor's knowledge of his claims and motive to conceal them, *see Barger*, 348 F.3d at 1296; *Burnes*, 291 F.3d at 1287, such an inference is not required in every case. That much is indicated both by *Strauss* and by the general rule that appellate courts accept a district court's factual findings unless they are clearly erroneous. *Cf. Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008).

The record evidence indicates that there is a genuine issue of material fact regarding Suncoast's intent that precludes summary judgment for Amerisource on its judicial estoppel theory. Suncoast submitted the sworn affidavit of Howard Ackerman, Suncoast's former president.

6

Ackerman stated that the omission of the claim from Suncoast's originally filed bankruptcy schedules was inadvertent. Ackerman Aff. ¶ 21. Amerisource has not offered any evidence in response to the Ackerman affidavit, and simply urges the court to infer Suncoast's deceptive intent from the circumstances. Such an inference is not appropriate where there is evidence to the contrary that, given the current procedural posture, the court must credit. There is a genuine issue of material fact that precludes summary judgment.

For these reasons, the court will deny summary judgment for Amerisource on its judicial estoppel theory.

### 2. *Statute of Limitations*

Amerisource next argues that Suncoast's claims are barred by the applicable statute of limitations. Suncoast's response is that Amerisource should be equitably estopped from asserting the statute of limitations.

It is unclear from the pleadings and record evidence whether the rebate and discount agreements allegedly entered into by Suncoast and Amerisource were oral or written. The complaint implies that they were written by charging that Amerisource has "originals or true copies of all . . . credit/rebate/discount agreements." Compl. ¶ 6. In such a case, the applicable statute of limitations under Florida law is five years. *See* Fla. Stat. § 95.11(2)(b); *Medical Jet, S.A. v. Signature Flight Support-Palm Beach, Inc.*, 941 So.2d 576, 577 (Fla. 4th DCA 2006).[2]

Amerisource argues that Suncoast's claim should be barred by its entirety because it was filed more than five years after Ron Brooks, an Amerisource employee, allegedly told Ackerman in 2001 that "he would take care of" Suncoast's concerns regarding the rebates. Ackerman Aff. ¶ 11. This

---

[2] If the agreements were oral, the limitations period is four years. *See* Fla. Stat. § 95.11(3)(k).

argument is misplaced because the statute of limitations for a breach of contract begins running when the contract is breached, *see BDI Const. Co. v. Hartford Fire Ins. Co.*, 995 So.2d 576, 578 (Fla. 3d DCA 2008), and a statement by Brooks that he would address Ackerman's concerns would not constitute a breach of the contract.  If Suncoast and Amerisource had in fact entered into a discount/rebate agreement as alleged in the complaint, the contract would have been breached upon a failure to credit Suncoast with the rebates specified in the agreement, not an assurance that Amerisource would perform under the agreement.

Nevertheless, to the extent that some of the payments were required to be made more than five years before suit was filed on January 23, 2008, it is clear that an action to recover these payments is barred by the statute of limitations.  Florida law holds that where an agreement requires periodic payments, the failure to make each payment constitutes an individual breach commencing the limitations period as to that breach.  For example, each failure to make a payment required by a lease triggers the five-year limitations period for that particular payment. *Se Holiday Furniture Factory Outlet Corp. v. Florida Dept. of Corrections*, 852 So.2d 926, 928 (Fla. 1st DCA).  Similarly, "the statute of limitations under an installment contract starts to run on the date each payment becomes due.  As such, the statute of limitations may run on some installments and not others." *Greene v. Bursey*, 733 So.2d 1111, 1114 (Fla. 4th DCA 1999).  Therefore, the statute of limitations bars Suncoast from recovering any payments that Amerisource was required to make to Suncoast before January 23, 2003, the date five years before Suncoast filed the lawsuit.  The court must grant Amerisource's motion for summary judgment to this extent.

Suncoast briefly argues that Amerisource is equitably estopped from asserting the statute of limitations because of Brooks' statement that he would "take care" of Suncoast's concerns.  This argument is without merit.  Equitable estoppel of the limitations defense is appropriate only where

8

the defendant's conduct "has induced another into forbearing suit within the applicable limitations period." *Major League Baseball v. Morsani*, 790 So.2d 1071, 1079 (Fla. 2001). Suncoast's allegation that it relied on Brooks' alleged statement in failing to file suit is not supported by any evidence in the record. Nor can that reliance reasonably be inferred where the statement was allegedly made in 2001 and Suncoast filed suit only in 2008.

The conduct alleged by Suncoast is a far cry from that typically found in the cases where courts have estopped defendants from asserting statutes of limitations. For example, in *San Pedro v. San Pedro*, 910 So.2d 426 (Fla. 4th DCA 2005), a case cited by Suncoast, the plaintiff's claims against her husband all arose from allegations that he had knowingly infected her with genital herpes. *Id.* at 427. The court held that the defendant would be estopped from pleading the statute of limitations if the evidence showed, as the plaintiff claimed, that he had specifically pleaded with her during the limitations period not to complain or otherwise make her concerns public. *Id.* at 429. Unlike in *San Pedro*, Brooks is not alleged to have asked Ackerman not to file suit; he is instead alleged to have ssaid he would "take care" of Ackerman's concerns and "don't worry about it." These two vague, off-the-cuff remarks, without more, are not enough to estop Amerisource from asserting the statute of limitations. *See Florida Dept. of Health and Rehabilitative Services v. S.A.P.*, 835 So.2d 1091, 1097 (Fla. 2002) (holding that "equitable estoppel presupposes an act of wrongdoing – such as *fraud or concealment* – that prejudices a party's case") (emphasis added). Brooks' comments do not rise to that level. There is thus no estoppel to the assertion of the statute of limitations.

        3.     *Equitable Estoppel*

Amerisource next argues that Suncoast's claims are themselves barred by equitable estoppel, because Suncoast did not make substantial efforts to enforce their asserted rights to the rebates

9

between 2001 and July 2006, when Ackerman sent an e-mail to Brooks claiming that Amerisource owed Suncoast money for discounts/rebates.

As the party asserting the estoppel defense, Amerisource has the burden of proving it. *See Flanigan's Enterprises, Inc. v. Barnett Bank of Naples*, 614 So.2d 1198, 1200 (Fla. 5th DCA 1993). Amerisource has failed to carry this burden because it has not shown that Suncoast made any affirmative misstatement or deceptive representation, as required for the application of an equitable estoppel. *See, e.g.*, *HCA Health Services of Florida, Inc. v. Hillman*, 906 So.2d 1094, 1096 n.3 (Fla. 2d DCA 2004); *Schultz v. Amica Mut. Ins. Co.*, 778 So.2d 402, 404 (Fla. 4th DCA 2001); *Lennar Homes, Inc. v. Gabb Const. Services, Inc.*, 654 So.2d 649, 651-52 (Fla. 3d DCA 1995). Amerisource alleges only that Suncoast unduly delayed in filing its lawsuit. This defense is more appropriately expressed as an invocation of the applicable statute of limitations, which Amerisource has asserted and the court has discussed *supra*.

Amerisource has also failed to show that it in any way detrimentally relied on Suncoast's failure to file suit, or suffered any prejudice thereby. *See State Dept. of Revenue v. Anderson*, 403 So.2d 397, 400-01 (Fla. 1981) (noting that a party asserting estoppel must show "a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon"); *Dreamland Ballroom and Social Dance Club, Inc. v. City of Fort Lauderdale*, 789 So.2d 1099, 1102 (Fla. 4th DCA 2001); *Barnes v. Resolution Trust Corp.*, 664 So.2d 1171, 1173 (Fla. 4th DCA 1995). If Suncoast ultimately prevails on its claims, Suncoast will presumably recover the payments allegedly owed to it under the rebates. In other words, a victory for Suncoast in this litigation would merely place the parties in the same position they would be in had Suncoast done just what Amerisource argues it should have done – complained earlier about Amerisource's failure to perform under the rebate agreements. Amerisource has therefore not suffered any detriment or

prejudice from Suncoast's failure to earlier file suit. The court should deny defendant's motion for summary judgment on this ground.

### 4. Statute of Frauds

Finally, Amerisource argues that Suncoast's claims are barred by the statute of frauds because the rebate agreements were not reduced to writing.

Suncoast responds that in fact the agreements are in writing, and were originally in Suncoast's possession, but were "lost, misplaced, or discarded." Pl.'s Resp. at 12. Suncoast explains that "it may well turn out that Amerisource and only Amerisource has copies of the underlying invoices and contracts." In this regard, the court notes that the case has been pending for approximately nineteen months since it was originally filed in state court. As the plaintiff claiming the existence of the contract and seeking relief for its breach, Suncoast bears the burden of proving the contract's existence and its terms. *See Farrow v. Cahill*, 663 F.2d 201, 210 (D.C. Cir. 1980). Because Suncoast has failed to produce the written agreements that it claims contain the parties' rebate agreement, despite a more than adequate opportunity to do so, the court must proceed on the assumption that the agreements were oral.

However, even assuming that the rebate agreements were oral, they are not encompassed by the statute of frauds. Florida requires agreements for the sale of goods worth more than five hundred dollars to be memorialized in writing. *See* Fla. Stat. § 672.201. But the contract sued on here is not for the sale of goods, but instead rebates following the purchases of goods. Suncoast is not claiming that Amerisource failed to deliver goods it agreed to sell or received payment for; only that Amerisource failed to credit it with the rebates owed. Although the rebate arrangement is obviously related to the parties' sales agreement, the limited case law to address the issue has concluded that a modification of a UCC sales contract to provide for rebates is not subject to the statute of frauds'

11

Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment
Kenneth Welt v. Amerisourcebergen Drug Corp.
Case No. 08-80287-CIV-HURLEY/HOPKINS

writing requirement, because the rebate agreement is merely a modification of the price term. *See Costco Wholesale Corp. v. World Wide Licensing Corp.*, 898 P.2d 347, 351 (Wash. Ct. App. 1995). Amerisource's motion for summary judgment on this ground must therefore be denied.

### CONCLUSION

For the above reasons, the court will grant Amerisource's motion for summary judgment as to the payments that were required to be made more than five years before suit was filed on January 23, 2008, and otherwise deny the motion.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion for summary judgment [DE # 24] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Summary judgment is entered in favor of the defendant as to all payments that were required to be made before suit was filed on January 23, 2008.

    b. Defendant's motion for summary judgment is otherwise denied.

**DONE** and **SIGNED** in Chambers in West Palm Beach, Florida, this 25th day of August, 2009.

_____
Daniel T. K. Hurley
U.S. District Judge

*Copies provided to counsel of record*